Allen, J.
 

 It was conceded by the director of law, upon hearing of the case below, that: “Pursuant to the above resolutions and ordinances, work has proceeded along East 105th Street in front of the property line of relators to a point where the grade of East 105th Street has been raised to the heights as set forth in Resolution Number 86,454 in so far as it pertains to the retaining walls. The street curbs and street car tracks have been set to their final elevation. ’ ’
 

 It is, however, the contention of the city that while the street was opened to traffic on September 12, 1930, with pavements laid, street car tracks in operation, and the curb set, this construction is temporary only; that the fill is not yet set; and that the permanent improvement will require various other operations to be consummated in the street. The relators concede this fact by their failure to file a reply.
 

 The director of law therefore urges that the time set for making application for a jury to assess damages under the ordinance of May 6, 1929, namely, “after the completion of the improvement,” has not yet been reached.
 

 What, then, in contemplation of law, is the meaning of the phrase in the ordinance of May 6, 1929, “the completion of the improvement”?
 

 
 *571
 
 Under the statute, Section 3829, General Code, and the Charter of the City of Cleveland, Section 119, and the ordinance, the director of law is under the positive ’obligation of making application for a jury for the purpose of determining the damages within ten days after the improvement has been completed. He has no discretion in the matter, and the duty is specially enjoined upon him by law. Moreover, to remit these property owners to a damage suit instituted by themselves, with all the cost and delay entailed, is not an adequate substitute for the remedy provided in their behalf under the charter, the ordinances, and the statutes. Hence mandamus lies (Section 12283, General Code), if the improvement is completed. We proceed to consider that question.
 

 We are compelled to construe this ordinance with the Constitution in mind, which provides in Section 19, Article I: “Private property shall ever be held inviolate but subservient to the public welfare. When taken in time of war or other public exigency, imperatively requiring its immediate seizure or for the purpose of making or repairing roads, which shall be open to the public, without charge, a compensation shall be made to the owner, in money: and in all other cases, where private property shall be taken for public use, a compensation therefor shall first be made in money, or first secured by a deposit of money; and such compensation shall be assessed by a jury, without deduction for benefits to any property of the owner.”
 

 It was held in the case of
 
 Waid, Director of Highways,
 
 v.
 
 Heistand,
 
 122 Ohio St., 615, 174 N. E., 139, that statutes deferring payment for the taking of
 
 *572
 
 private property for the purpose of the elimination of grade crossings are constitutional, and this principle is applicable to ordinances of the same character.
 

 If, under the terms of an ordinance deferring payment until the completion of the improvement, public officials can withhold payment for an indefinite period of time upon the ground that the improvement is' not completed, the constitutional guaranty is certainly nullified, for the provision necessarily contemplates payment for the damage sustained within a
 
 reasonable
 
 time after the damage has been incurred.
 

 From the standpoint of the public, this improvement was completed, as a street. The pavement was laid, the curb was set, the utilities were in, and the street car and other traffic was operating continually over the street. While some of the work remained to be done at some time in the future, whenever the city should decide to do it, the street was eminently a street
 
 de facto,
 
 and ready for use.
 
 Fernald
 
 v.
 
 City of Boston,
 
 66 Mass. (12 Cush.), 574.
 

 So far as the practical purpose of highway travel is concerned, the street is completed. The settlement of the fill will alter neither the damage nor the grade now established. The other operations which remain to be consummated, in comparison with the construction as- a whole, are minor only. Hence the judgment of the Court of Appeals will be affirmed.
 

 Judgment affirmed.
 

 Marshall, C. J., Jones, Matthias, Day and Ejnkade, JJ., concur.
 

 Robinson, J., concurred in the judgment.
 

 
 *573
 
 Hon. CARRINGTON T. MARSHALL, Chief Justice,
 

 Hon. THOMAS A. JONES,
 

 Hon. EDWARD S. MATTHIAS,
 

 Hon. ROBERT H. DAY,
 

 Hon. FLORENCE E. ALLEN,
 

 Hon. REYNOLDS R. KINKADE,
 

 Hon. WILL P. STEPHENSON,
 

 Judges.